UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  Plaintiff       )<br>             )<br>v.             )<br>             )<br>J.C. ANDERSON,     )<br>  Defendant     )<br>             ) | CASE NO. 05CR10224-GAO-1 |

## DEFENDANT'S MOTION FOR DISCOVERY

The Defendant, J.C. Anderson, respectfully requests that this Court order the government to produce the documents described herein.

## Requested Documents

Through oral communications and by way of discovery letter, the Defendant previously requested the following documents:

(1)   The names any and all known unindicted co-conspirators, as required by L.R. 116(C)(1)(e)

(2)   The names of open cases wherein the confidential informant has agreed to testify.

## Argument

The government has declined to provide the requested information, asserting that the requested information would compromise ongoing investigations. The government's objection, however, lacks merit.

Fed.R.Crim.P. 16(C) states a defendant is entitled to documents "which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense…" Moreover, L.R. 116(C)(1)(e) provides that the government shall

produce, "[a]s to each conspiracy charged in the indictment the name of any person asserted to be a known unindicted co-conspirator." The items at issue here clearly fall within the parameters of this rule.

### I. Unindicted co-conspirators.

The court in *United States v. Failla*, 1993 U.S. Dist. LEXIS 18507 at **19-20 (E.D.N.Y. Dec. 17, 1993), held that "[t]he request for the names of unindicted co-conspirators is a fairly common request and one that is generally granted by the district courts. *See also United States v. Mihaly,* 1993 U.S. Dist. LEXIS 7196 (W.D.N.Y. 1993) (same); *United States v. Allocco*, 801 F. Supp. 1000, 1003 (E.D.N.Y. 1992) (same) *United States v. Feola,* 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (same). The purpose of revealing the names of unindicted co-conspirators to the defendant is three fold: 1) to help him prepare for trial; 2) to prevent surprise; and 3) to interpose a double jeopardy plea if he was prosecuted a second time for the same offense. *United States v. Bortnovsky*, 820 F. 2d 572, 574 (2d Cir. 1987).

In *Mihaly*, the court addressed the importance of revealing the identity of unindicted co-conspirators: "The information sought… namely the disclosure of all persons the government will claim at trial to have been co-conspirators, will assist defendant in identifying with sufficient particularity the nature of the charges pending against him and is therefore necessary to the preparation of the defendant's defense." *Mihaly*, 1993 U.S. Dist. LEXIS 7196 at *6. In this case, the government may contend that, because it has provided government reports containing various names of potential co-conspirators, disclosing this additional information is unnecessary and superfluous. However, it is impossible to know from these reports specifically who the

government will attempt to show was part of the alleged conspiracy. Fundamental fairness simply requires that defendant be advised of the nature of the allegations against him.

Here, the government has set forth no valid reason that could outweigh the defendant's basic right to prepare for trial. Accordingly the names of the co-conspirators should be disclosed.

## II.    Cases in which confidential informant is currently co-operating.

The government has agreed to provide the names of past cases in which the confidential informant has testified, but has declined to turn over the current cases in which he has agreed to testify. In *Roviaro v. United States,* 353 U.S. 53, 60-61 (1957) the Court held that "[a] further limitation on the applicability of the privilege [of non-disclosure] arises from the fundamental requirements of fairness. Where the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Here, the government has suggested no valid reason for a failure to disclose the requested information. Without knowledge of the current cases in which he is testifying, it is not possible to know whether or not he is receiving benefits for his testimony. Also, the disclosure may lead to the ascertaining of potentially exculpatory evidence with respect to the informant's credibility. Accordingly, the requested information must be disclosed.

## CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that this Court order the government to produce the requested discovery.

Respectfully submitted,

//s// Stephen Hrones
Stephen Hrones (BBO No. 242860)
Jessica D. Hedges (BBO 645847)
HRONES GARRITY & HEDGES LLP
Lewis Wharf-Bay 232
Boston, MA 02110-3927
T)617/227-4019

## CERTIFICATE OF SERVICE

I, Jessica D. Hedges, hereby certify that I caused this document to be served via first class mail, postage prepaid, on this 7th day of December, where unable to do so electronically, on all counsel of record in this matter.

//s// Jessica D. Hedges
Jessica D. Hedges