UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10224-GAO |
| | ) | |
| J.C. ANDERSON, | ) | |
| a/k/a "Mann", | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR
A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, respectfully moves this Court for the issuance

of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21,

United States Code, Section 853. A proposed Preliminary Order is submitted herewith.

In support thereof, the United States sets forth the following:

1.      On August 24, 2005, a federal grand jury sitting in the District of

Massachusetts returned a three-count Indictment charging Defendant J.C. Anderson (the

"Defendant") with Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846

(Count One) and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1)

(Counts Two and Three).

2.      The Indictment sought the forfeiture, as a result of committing one or more

of the offenses alleged in Counts One through Three of the Indictment, of any and all

property constituting, or derived from, any proceeds the Defendant obtained, directly or

indirectly, as a result of such offenses; and/or any property used or intended to be used, in

any manner or part, to commit, or to facilitate the commission of, any such violations,

pursuant to 21 U.S.C. § 853. Such property includes, but is not limited to, the following:

> One Gray 2003 Honda Pilot, VIN# 2HKYF187X3H562424,
> Massachusetts license plate CI947J, registered in the name of
> JC Jones Anderson (the "Honda Pilot").

3.      The Indictment further provided that, if the Honda Pilot, as a result of any

act or omission by the Defendant, (a) cannot be located upon the exercise of due

diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been

placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without

difficulty, the United States is entitled to seek forfeiture of any other property of the

Defendant, up to the value of the Honda Pilot, pursuant to 21 U.S.C. § 853(p).

4.      On September 5, 2006, the Defendant pled guilty to Counts One through

Three of the Indictment. At the hearing pursuant to Rule 11 of the Federal Rules of

Criminal Procedure, the United States provided the Court with a basis for the forfeiture of

the Honda Pilot, and the Court advised the Defendant of the applicable forfeitures.

5.      Based upon the Defendant's guilty plea, the United States has established

the requisite nexus between the Honda Pilot and the offenses to which the Defendant has

pleaded guilty. Accordingly, the Honda Pilot is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6.     As a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Honda Pilot, or substitute assets, in a value up to the value of the Honda Pilot. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7.     Pursuant to 21 U.S.C. § 853, the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Honda Pilot, give notice as required by law.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/Eugenia M. Carris
LEAH FOLEY
EUGENIA M. CARRIS
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA 02210
Date: November 8, 2006          (617) 748-3100


## CERTIFICATE OF SERVICE

    I, Eugenia M. Carris,  Assistant U.S. Attorney, hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.


/s/Eugenia M. Carris
EUGENIA M. CARRIS
Assistant U.S. Attorney


Dated: November 8, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10224-GAO |
| | ) | |
| J.C. ANDERSON, | ) | |
| a/k/a "Mann", | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**O'TOOLE, D.J.,**

WHEREAS, August 24, 2005, a federal grand jury sitting in the District of
Massachusetts returned a three-count Indictment charging Defendant J.C. Anderson (the
"Defendant") with Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846
(Count One) and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1)
(Counts Two and Three);

WHEREAS, the Indictment sought the forfeiture, as a result of committing one or
more of the offenses alleged in Counts One through Three of the Indictment, of any and
all property constituting, or derived from, any proceeds the Defendant obtained, directly
or indirectly, as a result of such offenses; and/or any property used or intended to be used,
in any manner or part, to commit, or to facilitate the commission of, any such violations,
pursuant to 21 U.S.C. § 853, including, but not limited to, the following:

> One Gray 2003 Honda Pilot, VIN#2HKYF187X3H562424,
> Massachusetts license plate CI947J, registered in the name of
> JC Jones Anderson (the "Honda Pilot");

WHEREAS, the Indictment further provided that, if the Honda Pilot, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of Honda Pilot, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on September 5, 2006, the Defendant pled guilty to Counts One through Three of the Indictment; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Honda Pilot, or substitute assets, in a value up to the value of the Honda Pilot.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of the Defendant's guilty plea, that the government has established the requisite nexus between the Honda Pilot and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Honda Pilot are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853.

2.      The United States Bureau of Alcohol, Tobacco, and Firearms shall seize

and hold the Honda Pilot in its secure custody and control.

3.      Pursuant to 21 U.S.C. § 853, the United States Bureau of Alcohol, Tobacco,

and Firearms shall take all other appropriate steps pursuant to the applicable provisions of

21 U.S.C. § 853 to seize, forfeit, and dispose of the Honda Pilot, giving notice as required

by law.

4.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21

U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive

weeks in a newspaper of general circulation in the District of Massachusetts, notice of

this Order and of the United States' intent to dispose of the Honda Pilot in such a manner

as the Attorney General may direct.

5.      Pursuant to 21 U.S.C. § 853(n), the Government may also, to the extent

practicable, provide direct written notice to any person known to have alleged an interest

in the Honda Pilot that is the subject of this Order of Forfeiture as a substitute for

published notice as to those persons so notified.

6.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall

state: (a) that any person, other than the Defendant, asserting a legal interest in the Honda

Pilot, shall within thirty (30) days of the final publication of the notice or that person's

receipt of direct written notice, whichever is earlier, file a petition with the United States

District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of

his or her interest in the Honda Pilot; and (b) that the petition shall be signed by the

3

petitioner under the penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title or interest in the Honda Pilot, the time and circumstances of the

petitioner's acquisition of the right, title or interest in the Honda Pilot, any additional facts

supporting the petitioner's claim, and the relief sought.

7.     Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all

petitions filed under this subsection, or if no such petitions are filed following the

expiration of the period provided in 21 U.S.C. § 853 (n)(2) for the filing of such petitions,

the United States of America shall have clear title to the Honda Pilot.

8.     Upon adjudication of all third party interests, this Court will enter a Final

Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of

Criminal Procedure, in which all interests will be addressed.

9.     If the Honda Pilot, as a result of any act or omission by the Defendant, (a)

cannot be located upon the exercise of due diligence; (b) has been transferred or sold to,

or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or (e) has been commingled with other

property which cannot be divided without difficulty, the United States is entitled to seek

forfeiture of any other property of the Defendant, up to the value of the Property, pursuant

to 21 U.S.C. § 853(p).

10.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the

criminal judgment entered by this Court against him.


 

_____

GEORGE A. O'TOOLE, JR.
United States District Judge


Dated: _____