UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| J. C. Anderson,<br>    Petitioner, | : | Civil No. _____ |
| | : | Criminal No. 05-10224-GAO |
| v. | : | |
| UNITED STATES OF AMERICA,<br>    Respondant. | : | |
| | : | |

MEMORANDUM OF LAW IN SUPPORT OF §2255 MOTION

    AND NOW COMES J. C. Anderson, petitioner pro se and hereby prays and respectfully moves this Honorable Court to issue an ORDER TO SHOW CAUSE upon the U.S. Attorney for the District of Massachusetts to respond to the allegation herein of ineffective assistance of counsel for counsel's failure to file a notice of appeal after the sentencing, as requested by petitioner.

    MAY IT PLEASE THE COURT:

I. BACKGROUND

    On September 5, 2006, petitioner pleaded guilty to Three Counts of an indictment charging him with conspiracy to possess and possession with intent to distribute cocaine base. At the plea hearing, the court accepted the plea without any regards to drug quantity.

    On March 26, 2007, petitioner was sentenced to 120 months' imprisonment to run concurrently with each count. Petitioner received a 120 month term of imprisonment because of an enhancement filed pursuant to 21 U.S.C. §851(a).

    After the sentencing, petitioner requested counsel, Jessica D. Hedges,

-1-

to file a notice of appeal. Counsel stated that she would come to the jail to speak with petitioner about an appeal, but after a couple of weeks, petitioner was transfered.

Subsequently, petitioner had communicated with counsel about obtaining transcripts so that an appeal could be prosecuted. On February 21, 2008, petitioner received communication from counsel about the difficult time she had in procuring the transcripts, etc. (See Exhibit "A")

The instant §2255 motion now ensues in efforts to restore appellate rights.

II. ISSUE

The sole issue presented in the §2255 motion is whether counsel, Jessica D. Hedges, Esq., was ineffective when she failed to file a notice of appeal as requested by petitioner after the sentencing.

III. RULE OF LAW

It is black-letter law that persons convicted in federal district courts have a right to a direct appeal. See Coppedge v. United States, 369 U.S. 438 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, thoses issues are not meritorious. See Anders v. California, 386 U.S. 738 (1967).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced the now-familiar general standard for evaluating ineffective assistance of counsel claims: 1) cause and 2) prejudice. However, in the context of the lost of a right to appeal, prejudice need not be shown. See United States

v. Tajeddini, 945 F.2d 458 (1st Cir. 1991), cert. denied, ___U.S.___,
112 S.Ct. 3009, 120 L.Ed.²d 883 (1992).

IV. APPLICABILITY

Applying the law with respect to claims of ineffective assistance of counsel for counsel's failure to file an appeal, petitioner submits that he directed his attorney to file a notice of apeal after the sentencing. Counsel failed to act on petitioner's request. And if so, petitioner's Sixth Amendment right to counsel was violated by his counsel's failure to act. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)(citing Strickland v. Washington).

V. CONCLUSION

WHEREFORE, Petitioner J.C. Anderson prays and moves this Honorable Court for the following relief:

A) An ORDER TO SHOW CAUSE to be served upon the U.S. Attorney for the District of Massachusetts;

B) Upon receipt of said response from the U.S. Attorney, an ORDER to remand petitioner for resentencing for a new opportunity to appeal as the remedy for counsel's ineffective assistance;

C) In the alternative, if counsel refutes petitioner's allegations, petitioner now prays and moves for an evidentiary hearing to test the truth of whether he requested or reasonably demonstrated to counsel that he desired to appeal;

1. If said evidentiary hearing is ORDERED, petitioner respectfully requests appointment of counsel to assist him pursuant to 18 U.S.C. §3006A(2)(B);

D) Any such other and further relief this Honorable Court deems just

and in the interest of justice.

Done this 29th day of March, 2008.


Respectfully Submitted,

*J.C. Anderson*
J.C. Anderson - Pro Se
Reg. No. 19860-038
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000